# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### JULY SESSION, 1997



FILED

September 26, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 03C01-9611-CR-00399** |
| | ) | |
| Appellee, | ) | **SULLIVAN COUNTY** |
| | ) | |
| | ) | |
| **V.** | ) | |
| | ) | **HON. R. JERRY BECK, JUDGE** |
| **DAVID WILLIAM SMITH,** | ) | |
| | ) | **(AGGRAVATED BURGLARY,** |
| Appellant. | ) | **THEFT OVER $1,000.00)** |


FOR THE APPELLANT:

**LARRY WEDDINGTON**
Attorney at Law
200 Seventh Street
Bristol, TN  37620

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MARVIN E. CLEMENTS, JR.**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243-0943

**H. GREELEY WELLS, JR.**
District Attorney General

**JOSEPH EUGENE PERRIN**
Assistant District Attorney General
P.O. Box 526
Blountville, TN  37617-0526


OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, David William Smith, appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. On August 30, 1994, Defendant entered pleas of guilty to three charges of aggravated burglary and three charges of theft over $1,000. Defendant received four years on each conviction to run concurrently, and a probation order was entered that same day. Defendant's probation was revoked on February 15, 1995, and he was ordered to serve his sentence on Community Corrections. On July 14, 1995, an Order was entered returning Defendant to probationary status subject to the Community Corrections Supervision Order. On December 1, 1995, another arrest warrant was issued for Defendant's violation of probation. Following a probation hearing in the Circuit Court of Sullivan County, Defendant's probation was revoked and he was ordered to serve the sentence in confinement. In his sole issue on appeal, the Defendant argues that the trial court abused its discretion in revoking Defendant's probation and ordering him to serve his sentence. We affirm the judgment of the trial court.

On November 28, 1995, at approximately 10:15 p.m., Officers Dennis Banks and Fred Overby responded to 2207 Anderson Street in Bristol, Tennessee to pick up a runaway juvenile. While placing her in custody they were met by Defendant, who was the juvenile's boyfriend. The Defendant had words with the officers and made threats that he could handle all of them due to his karate knowledge. He said that he could "take them out anytime he wanted to." The officers left with the female juvenile and drove to the location of 1301 Anderson Street where they stopped to attend to her medical needs. The

Defendant approached to check on his girlfriend, and again threatened the officers with bodily harm. At this point Officer Overby called for back up. Officers Lloyd Heaton, Steve Terry and Keith Feathers responded to the call. Officers Feathers and Terry escorted Defendant away from the scene. Defendant told these officers that he had driven to the location and that his car was parked in a nearby alley.

A few minutes later, as the officers were standing near a patrol car on the right side of the street, Officer Terry saw a car approach. The car turned off its headlights, accelerated, and then swerved to the right towards the group of officers. The car narrowly missed the officers and then sped away. Some of the officers pursued the vehicle until it struck two utility poles and stopped. The driver got out of the vehicle and fled on foot. The license plate on the car was registered to the Defendant. He was ultimately apprehended near the scene of the wreck a short time later. Defendant had to be chased on foot after he was recognized by an officer.

Defendant was charged with five counts of Attempted First Degree Murder in relation to the events on November 28, 1995. A Violation of Probation warrant was issued on December 1, 1995, and Defendant was arrested the same day. The probation violation alleged: (1) Violation of Rule One - failure to obey the law by the arrest for the offenses of Attempted First Degree Murder (five counts); (2) Violation of Rule Two - failure to immediately report the new arrest; (3) Violation of Rule Seven - drinking to excess in relation to the events of November 28, 1995; and (4) Violation of Rule Eight - failure to pay fees for the months of July 1995 through November 1995.

At trial on the attempted murder counts, the jury acquitted the Defendant of Attempt to Commit First Degree Murder, five counts, but reached an impasse on all lesser included offenses which were still pending at the time of the revocation hearing. The drinking to excess violation was dismissed and the court made no finding concerning the failure to pay fines or failure to report new arrest charges. The trial judge did find sufficient evidence that the Defendant was the person driving the car that almost hit the officers, thus violating Rule One, failure to obey the law.

Both the granting and denial of probation rest in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In determining whether or not to revoke the probation, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. Tenn. Code Ann. § 40-35-311(d) (1990).

The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him to make an intelligent decision. Mitchell, 810 S.W.2d at 735. The determination made by the trial court, if made with conscientious judgment, is given the weight of a jury verdict. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980), perm to appeal denied, id. (Tenn. 1981).

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding a trial judge erred in determining that a violation has occurred, it must be established

-4-

that the record contains no substantial evidence to support the conclusion of the trial judge. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If the violation is so supported by the record, the judgment of the trial court revoking probation will not be disturbed on appeal unless is appears that the trial court acted arbitrarily or otherwise abused its discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App.), perm to appeal denied, id. (Tenn. 1981).

Although the evidence presented at the hearing was mostly circumstantial, it was sufficient to allow the trial court to make a conscientious and intelligent finding of a violation of probation by a preponderance of the evidence. The Defendant threatened the officers by making repeated comments about "taking them out," evidently in response to his girlfriend being taken into custody. Defendant approached the officers again after they stopped on the side of the road to attend to his girlfriend's medical needs, and once again, Defendant acted in an extremely threatening manner towards the officers. After being escorted away from the scene, Defendant told the officers that his car was in a nearby alley, and a few moments later a car accelerated and then swerved towards the officers in an attempt to strike them. The officers pursued the car until it wrecked. It was discovered that the license plate on the car was registered to the Defendant. A few minutes later, the Defendant was apprehended near the scene where the car wreck occurred.

The trial court made the following findings: "[t]he act, if the defendant committed it, would I think constitute a violation of the defendant's condition to probation because such act would be unlawful, irregardless of the degree of the offense involved. The Court is aware that we have had a jury trial on that

offense. The jury did reach a finding of not guilty of attempt to commit first degree murder, a multiple count involving the officers and they basically had a hung jury on the lesser included offense. But in this hearing, this Court s[i]ts as finder of fact." Later in its ruling from the bench, the trial court stated that it found beyond a reasonable doubt (while recognizing that a preponderance of the evidence was all that was necessary) that Defendant was the driver of the vehicle that almost struck the officers.

There was substantial evidence supporting the trial court's conclusion that Defendant was the driver of the car. The trial court properly found that the Defendant had engaged in criminal activity constituting a violation of a condition of Defendant's probation. This issue is without merit. We affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOHN K. BYERS, Senior Judge